Eastern Dis.
June, 1834.

MILLER
vs.
FOUCHER AND
WIFE.

---

## MILLER vs. FOUCHER AND WIFE.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A suit instituted against the husband and wife, to compel the latter to renounce all liens and tacit mortgages she may have on certain property in the plaintiff's possession, held under titles derived from her husband, is *sui generis*, novel and not tolerated by law and will be dismissed.

The plaintiff alleges he purchased certain lots or pieces of land of one William Gormley who bought them of the defendants, as evidenced by acts of sale annexed ; that Gormley transferred to him all his title derived from the defendants and subrogated him thereto; and that he has offered part of said property to the Union Bank on mortgage on which to obtain stock to the amount of nine thousand dollars, which was granted to him on condition that he would obtain the renunciation of Madame Foucher to all her right, title, privilege, mortgage and pretensions to said property. The plaintiff alleges that an amicable request has been made, but that the husband refuses to authorise such renunciation, by reason of which he has sustained damages to the amount of five thousand dollars; he therefore prays that the court decide whether Madame Foucher has any right, claim, privilege,

&c. to said property; and if not, to compel her and her husband to make the renunciation required.

The defendants' counsel excepted to the petition as showing no cause of action; and pleaded the general issue on the merits; and that this suit was vexatious by reason of which the defendants has sustained five hundred dollars in damages for which they pray judgment.

On the trial it was admitted the plaintiff had offered this property to the Union Bank for stock to the amount of nine thousand dollars, and that the title thereto was reported by the counsel of the bank as complete, with the exception of the renunciation of Madame Foucher, who had refused on being applied to, to renounce; and further that the plaintiff afterwards obtained his full proportion of the stock of said bank which he had applied for, on offering other security.

The district judge sustained the exception; and on the merits gave judgment dismissing the suit.

The plaintiff appealed.

*Roselius*, for the plaintiff, relied on the case of *Livingston* vs. *Heerman*, 9 *Mar.* 598, as being analagous to this; if it is not a precedent, it is decided on substantially the same principles on which the present plaintiff relies.

*Denis*, contra:

Mathews, J., delivered the opinion of the court.

In this action the plaintiff prays that the wife of the defendant may be compelled to renounce all liens and mortgages which she may have on certain property in his possession held under title derived from her husband. The defendants pleaded an exception to the suit, alleging that the petition contained no legal cause of action. This exception was sustained by the court below, and the plaintiff adjudged to pay costs, from which he appealed.

The suit appears to us to be one *sui generis* not related to any class of actions with which we are acquainted. It is

*Margin notes:*

EASTERN DIS.
*June*, 1834.

MILLER
*vs.*
FOUCHER AND
WIFE.

A suit instituted against the husband and wife, to compel the latter to renounce all liens and tacit mortgages she may have on certain property in the plaintiff's possession, held under titles derived from her husband, is *sui generis*, novel and not tolerated by law and will be dismissed.

really novel, and exhibits a novelty not tolerated by any express law known to us, nor can it be sustained in pursuance of any sound principles of jurisprudence. The court below acted, (in our opinion) correctly in dismissing it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.